ABRAHAM GLANZER and JOSEPH GLANZER, Copartners Doing
Business under the Trade Name and Style of GLANZER
BROS., Appellants, v. LEVI SHEPARD and FRANCIS R. CORE,
Copartners Doing Business under the Trade Name and
Style of CORE & HERBERT, Respondents.

First Department, January 14, 1921.

Negligence — liability to buyer of person employed by seller to weigh
produce for negligence in incorrectly ascertaining and certifying
weight.

The defendants, employed by the seller of beans to weigh the same and
certify the weight, knew that the beans had been sold to plaintiffs and
were to be paid for by the pound in accordance with their certificate.
The plaintiffs paid for the beans on the certificate of weight furnished by
the defendants and afterwards on reweighing found that there was a
material discrepancy. Held, that the defendants owed a legal duty to
the plaintiffs concurrent with the contract duty to the seller of the beans
to carefully weigh and accurately certify the result, and the damages to
the plaintiffs by being required to pay more for the beans than they were
legally obligated to pay flowed directly from the defendants' negligence,
and for it the defendants should respond.

APPEAL by the plaintiffs, Abraham Glanzer and another,
from an order and determination of the Appellate Term of the
Supreme Court, First Department, entered in the office of the
clerk of the county of New York on the 9th day of July, 1920,
reversing a judgment of the City Court of the City of New York
in favor of the plaintiffs, and directing judgment dismissing
the complaint.

*I. Gainsburg*, for the appellants.

*Lorlys Elton Rogers* of counsel [*Bernard P. Ryan* with him
on the brief; *Adolph E. Gutgsell*, attorney], for the respondents.

PAGE, J.:
The plaintiffs purchased 905 bags of beans from Bech, Van
Siclen & Co., who employed the defendants to weigh the
same. The defendants gave their certificate that the weight
of the 905 bags was 228,380 pounds. Subsequently 17 bags

First Department, January, 1921. [Vol. 194.

were withdrawn from the sale. These were reweighed by the defendants, and their weight was deducted from the total weight of the 905 bags, leaving a remainder of 224,244 pounds as the weight of the 888 bags delivered to the plaintiffs. Upon the defendants' certificate of these weights, the plaintiffs paid Bech, Van Siclen & Co. at the rate of ten and one-half cents per pound. The beans were stored in a warehouse for about five months and were then reweighed by the defendants at the request of the plaintiffs. The second weighing showed a discrepancy between that and the first weighing of 12,022 pounds. Evidence was given tending to show that the loss of weight by shrinkage of such beans in a storage warehouse would be negligible, and no evidence was given tending to account for this difference in weight. It was not seriously contested but that, by reason of the defendants' negligence in the first weighing, 12,022 more pounds were certified than the 888 bags contained, and that by reason of that fact the plaintiffs had overpaid to Bech, Van Siclen & Co. $1,262.31. At the close of the trial both sides moved for the direction of a verdict, and the court directed a verdict for the plaintiffs. On appeal the Appellate Term reversed the judgment and dismissed the complaint, on the ground that there was no evidence tending to show that the defendants at the time of the first weighing owed any legal duty to the plaintiffs to weigh the beans accurately; that the defendants were employed and paid by Bech, Van Siclen & Co. to do the weighing and there were no contractual relations between the plaintiffs and the defendants.

It is true as a general rule, where the duty violated by the defendant was created solely by contract, that a cause of action arising out of such a violation is limited strictly to the parties to the contract and those in privity with them. No privity of contract is necessary, however, to sustain an action in tort by an individual specially injured by an act or omission constituting a breach of contract where it also constitutes an invasion of a legal right of, or the violation of a legal duty owed to, the plaintiff independently of or concurrently with the contract. (38 Cyc. 433, 434.)

The defendants were employed to correctly weigh these bags of beans. They knew that the beans had been sold to

the plaintiffs and were to be paid for by the pound, in accordance with their certificate of weight. There was, therefore, a legal duty to the plaintiffs concurrent with the contract duty to Bech, Van Siclen & Co. to carefully weigh and accurately certify the result. Both parties were relying upon their care and accuracy, the one to charge and the other to pay for the beans; therefore, when by the defendants' negligence in incorrectly ascertaining the weight the plaintiffs were injured by being required to pay $1,262.31 more for the 888 bags of beans than they were legally obligated to pay, that damage flowed directly from defendants' negligence, and for it the defendants should respond. In *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382, 393) Judge CARDOZO, writing for the court, said: " There is nothing anomalous in a rule which imposes upon A, who has contracted with B, a duty to C and D and others, according as he knows or does not know that the subject-matter of the contract is intended for their use." He cites and discusses a large number of cases in which liability for damages has been imposed on one party to a contract for negligence in the performance of a duty owing to a third person not a party thereto. While none of those cases are exactly in point, the instant case is well within the principles governing the decisions of those cases.

The determination of the Appellate Term should be reversed, with costs in both courts, and the judgment of the City Court affirmed.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Determination reversed and judgment of the City Court affirmed, with costs in this court and in the Appellate Term.